UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 21-2817 (RDM) |
| | ) | |
| ALL PETROLEUM-PRODUCT CARGO | ) | UNDER SEAL |
| ONBOARD THE M/T NOSTOS WITH | ) | |
| INTERNATIONAL MARITIME | ) | |
| ORGANIZATION NUMBER 9258014, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SUPPLEMENT TO GOVERNMENT'S MOTION FOR INTERLOCUTORY SALE**

The United States of America, by and through undersigned counsel, hereby supplements its Motion to authorize the immediate interlocutory sale of subject property.

On October 25, 2021, the Court held a hearing on the instant motion. At the hearing the Court inquired of the government if there were any property owners of the subject property, and the government made representations regarding the same. Thereafter, the Court granted the government's Motion.

On or about October 26, 2021, the government was recently forwarded a letter from an entity known as "Emerald FZE," which purports to be operating out of Dubai. "Emerald FZE" represented that "Aspan Petrocimya Co." ("Aspan") are "current" "owners" of the Defendant Property in this action. In the same letter, "Emerald FZE" also stated that "Aspan" had "sold" the property to "Emirates Petroleum and Logistics Ltd." The letter was not addressed to government, and it did not include any purported documents of sale or similar evidence establishing an interest in the Defendant Property.

While the government provides this information to ensure the Court has a complete record on this point, the government respectfully submits that this factual clarification does not change the analysis as to whether the government's motion was properly granted. Specifically, as the government has informed the Court, it is not uncommon for purported purchasers to surface in cases of this nature. In this instance, other facts known to the government indicate that the purported purchase may not be bona fide, although the United States has not had sufficient time to fully investigate these claims. At bottom, it remains that unsealing this action at this time would inform the Iranian government of this action and allow it to attempt interfere in the Court's jurisdiction over the matter.

Following the interlocutory sale of the subject property, any purchasers, bona fide or otherwise, will have an opportunity to litigate their respective ownership interests before this Court and, if such interests are found valid, receive the proceeds of the interlocutory sale (which will become the substitute res for the Defendant Property in this action). Selling the subject property pursuant to Supplemental Rule G serves only to preserve the value of that property for any prevailing party during the course of these proceedings.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar No. 415793
Acting United States Attorney

 /s/ *Karen Seifert*
KAREN P. W. SEIFERT, N.Y. Bar No. 4742342
DEREK HAMMOND
Assistant United States Attorneys
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7527
Email: karen.seifert@usdoj.gov

*Attorneys for the United States of America*

2